UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN "JACK" DEE | CIVIL ACTION |
| VERSUS | NO. 06-7984 |
| STATE FARM FIRE AND CASUALTY COMPANY, WAYNE LEONE AND XYZ INSURANCE COMPANY | SECTION B(2) |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion To Remand and For Attorney's Fees. (Rec. Doc. No. 6). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motions are **DENIED**.

### *BACKGROUND*

On August 29, 2005, Plaintiff's property allegedly sustained damage as a result of Hurricane Katrina. Plaintiff's relevant insurance policies issued by State Farm Fire and Casualty Company ("State Farm") were effective on August 29, 2005.

Plaintiff filed suit against State Farm as their homeowner's insurer and in its capacity as a Write-Your-Own ("WYO") carrier underwritten through the National Flood Insurance Program ("NFIP") in the Civil District Court For The Parish Of Orleans. Plaintiff asserts claims against State Farm for alleged breach of contract, bad faith and tortious conduct in claims handling. Plaintiff further asserts negligence and breach of fiduciary duty claims against their insurance agent, Wayne Leone.

State Farm removed the matter to federal court and contends federal jurisdiction exists under 42 U.S.C. § 4072 and 28 U.S.C. §§ 1331,1367,1337,and 1442(a)(1) because Plaintiff's claims seek additional benefits under a national flood insurance policy.[1] Plaintiff contends federal jurisdiction does

---

[1] Defendant also asserted numerous other grounds for removal which, for reasons stated below, are unnecessary for the Court to address.

not exist as Plaintiff's action involves only claims relating to the procurement of adequate flood insurance, not to adjustment. Therefore, Plaintiff claims this Court lacks jurisdiction and moves the Court to remand.

## *DISCUSSION*

**1.      Jurisdiction pursuant to the National Flood Insurance Act.**

State Farm contends Plaintiff's claims arise out of the administration of a national flood insurance policy and, therefore, federal courts have original federal question jurisdiction pursuant to the National Flood Insurance Act ("NFIA"), 42 U.S.C. § 4001, et seq.

42 U.S.C. § 4072 provides:

> In the event the program is carried out as provided in section 4071 of this title, the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claims in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

Original exclusive federal jurisdiction exists pursuant to the NFIA when claims arise out of the administration and claims handling of a national flood insurance policy.[2]  Furthermore, "state law tort claims arising from claims handling by a WYO are preempted by federal law."[3]

Plaintiff's claims against State Farm in its capacity as a WYO carrier arise out of claims handling

---

[2]*See Columbo v. Allstate*, 2006 WL 3827529 (E.D. La. 2006)and *Newman v. Allstate*, 2006 WL 236116 (E.D. La. 2006).

[3]*Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390(5th Cir. 2005).

and administration.[4]  Therefore, the Court finds original exclusive jurisdiction exists pursuant to the NFIA.

**B.    Plaintiff is not entitled to attorneys fees and just costs**

Plaintiff asserts that Defendant's removal lacked an objectively reasonable basis and, therefore, move the Court to award attorneys fees and just costs.  28 U.S.C. § 1447(c) provides that a remand order may require payment of attorney's fees.  *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 709 (2005).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 711.  Defendant's arguments are objectively reasonable.  Accordingly,

**IT IS ORDERED** that Plaintiff's motion to remand and motion for attorney's fees are **DENIED**.

New Orleans, Louisiana this 11th day of April, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[4]Despite Plaintiff's contentions in his Motion to Remand, it is not clear upon review of the Petition for Damages that Plaintiff is only asserting claims for improper adjustment under his homeowner's insurance policy, not his flood policy.  Given the vague nature of the complaint, the Court must construe it as asserting claims under both the homeowner's and flood insurance policies issued by State Farm.  Absent federal jurisdiction over the NFIP claims, the Court would likely not be able to exercise jurisdiction over the remaining homeowner's claims.