UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN "JACK" DEE                                                    CIVIL ACTION

VERSUS                                                             NO. 06-7984

STATE FARM FIRE AND CASUALTY                                       SECTION B(2)
COMPANY, WAYNE LEONE
AND XYZ INSURANCE COMPANY

### ORDER AND REASONS

Before the Court is Plaintiff's second Motion To Remand. (Rec. Doc. No. 31). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion is **GRANTED.**

### *BACKGROUND*

On August 29, 2005, Plaintiff's property allegedly sustained damage as a result of Hurricane Katrina. Plaintiff's relevant insurance policies issued by State Farm Fire and Casualty Company ("State Farm") were effective on August 29, 2005.

Plaintiff filed suit against State Farm as their homeowner's insurer and in its capacity as a Write-Your-Own ("WYO") carrier underwritten through the National Flood Insurance Program ("NFIP") in the Civil District Court For The Parish Of Orleans. Plaintiff asserts claims against State Farm for alleged breach of contract, bad faith and tortious conduct in claims handling. Plaintiff further asserts negligence and breach of fiduciary duty claims against their insurance agent, Wayne Leone.

Previously, the Court denied Plaintiff's first Motion to Remand (Rec. Doc. No. 6) in its April 11, 2007 Order (Rec. Doc. No. 18), noting that because "Plaintiff's claims against State Farm in its capacity as a WYO carrier arise out of claims handling and administration . . . exclusive jurisdiction exists pursuant to the NFIA." Thereafter, Plaintiff obtained leave of the Court to file a Supplemental and Amending Complaint (Rec. Doc. No. 28). The complaint now indicates that Plaintiff no longer asserts

1

any claims arising from the adjustment of the flood insurance claim.  (Rec. Doc. No. 22-4 at ¶ 46). However, Plaintiff still asserts claims relating to the homeowner's carrier and the procurement of the flood insurance policy.  *Id.*

State Farm contends that diversity of citizenship jurisdiction exists as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties.  State Farm argues that the non-diverse insurance agent, Wayne Leone ("Leone"), was improperly joined as a defendant.  Plaintiff contends that Leone was properly joined as a defendant; therefore, diversity of citizenship is destroyed and this Court lacks jurisdiction.

## *DISCUSSION*

### A. **Improper Joinder**

**(1) 12b(6)**

Civil actions may be removed from state court when the United States district courts have original jurisdiction.  28 U.S.C. § 1441(a).  However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."  28 U.S.C. § 1441(b).  All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity.  *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case."  *Id.*  at 573.  The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Id* at 573.  A court may conduct a "Rule

12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Id.* "In that respect, it is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Any doubt as to federal jurisdiction should be resolved in favor of remand. *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Defendants argue Plaintiff failed to state a viable claim against State Farm and Leone. "Pleadings are to be construed to do substantial justice." *Hill v. North-central Area Vocational School*, 310 So.2d 104 (La. 1975) (citing La. Code Civ. Proc. art. 854).[1] A petition is only required to state material facts upon which a cause of action is based. *Id.* (citing La. Code Civ. Proc. art. 891). Louisiana recognizes an agent's duty to procure requested insurance. *Karam v. St. Paul Fire & Marine Ins. co.,* 281 So.2d 728 *(La. 1973).* Further, Louisiana courts acknowledge that an "agent's duty to his client can be greater than merely the procuring of requested insurance, depending on what services the agent holds himself out as performing and on the specific relationship and agreements between the particular agent and client." *Southern Athletic Club, L.L.C. v. Hanover Insurance Co.*, 2006 WL 2583406 (E.D.La. 2006) (quoting *Graves v. State Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773 (La. App. 3 Cir. 6/26/02)).

Plaintiff claims that he asked Leone to "procure all of the necessary insurance that would cover plaintiff's home for any loss sustained." (Rec. Doc. No. 6 at 9)   Subsequently, Leone procured homeowner's insurance including premises and contents coverage but allegedly failed to procure the requested amount of flood insurance. Plaintiff alleges that he relied on Leone to procure the necessary coverage, noting in the Petition for Damages that if he would have been properly advised, he would have

---

[1] Plaintiff filed the Petition in state court. Accordingly, this Court will apply the applicable Louisiana law to interpret the allegations of Plaintiff's petition.

3

taken the necessary steps to secure adequate coverage with adequate provisions. (Rec. Doc. No. 1-2 at ¶ 44). In short, Plaintiff asserted claims recognized under Louisiana law. As such, Plaintiff may prove a set of facts in support of claims entitling him to relief.

### (2) Peremption

Louisiana Revised Statute 9:5606 provides a one year prescriptive period and three year peremptive period for claims against insurance agents. The statute provides in relevant part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
> LA. REV. STAT. ANN. § 9:5606 (2006).

Louisiana law imposes a duty on the insured to read and to know his insurance policy provisions. *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D. La. 2006) (citing *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686 (La.App. 12/6/95). Insurance agents "have a duty only to use reasonable diligence in attempting to place the insurance requested." *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, *10 (E.D. La. 7/21/06) (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La.1973)). Louisiana law, however, does not impose a duty on agents to spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage." *Id.* Generally, the peremptory period properly runs from the original date of purchase and is not tolled, suspended, or restarted by any subsequent renewals absent (1) some evidence that the agent made later negligent misrepresentations, and (2) that Plaintiff(s) justifiably relied upon them. *Id.* at *10-*11.

To determine whether Plaintiff's claims are perempted, the Court must first determine at what moment in time the peremptive period began to run, ie- when the negligence occurred, or when it was discovered or should have been discovered by Plaintiff. As mentioned previously, Plaintiff asserts that

4

he asked Leone to "procure all of the necessary insurance that would cover plaintiff's home for any loss sustained" and that Leone procured the requested homeowner's insurance but allegedly failed to procure the requested amount of flood insurance. Plaintiff further alleges that he relied on Leone to procure the necessary coverage.

The Court recognizes that annual policy renewals may serve to toll peremption. Therefore, assuming Plaintiff offers adequate evidence that Leone made negligent misrepresentations and Plaintiff justifiably relied upon them or that Leone negligently omitted to communicate vital information to Plaintiff within three years of the suit being filed, Plaintiff's claims are not perempted.

In addition, Plaintiff's claims are not prescribed. Plaintiff asserts that his claims fall within one year from the date that Leone's alleged negligent act was discovered or discoverable. Any defects in Plaintiff's policy were reasonably discoverable after Hurricane Katrina. Plaintiff filed suit in August 2006; therefore, his claims fall within the one year prescriptive period. Thus, the Court finds that Defendants have not proven that Plaintiff does not stand a reasonable possibility of prevailing against Leone, the non-diverse defendant, under Louisiana law. Consequently, Leone was properly joined. Accordingly,

New Orleans, Louisiana, this 22nd day of August, 2006.

_____
UNITED STATES DISTRICT JUDGE